**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LESLIE M. THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-cv-01228-AGF |
| | ) |
| ASHLEY STEWART, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Leslie M. Thomas for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1). Additionally, the Court will dismiss plaintiff's claims under Title VII and the Age Discrimination in Employment Act without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B). However, the Court will direct the Clerk of Court to issue process on defendant Ashley Stewart, Inc. on plaintiff's claim under the Americans with Disabilities Act.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to undertake a review of a complaint filed in forma pauperis. Following this review, the Court must dismiss the action if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who has filed a civil action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA). (Docket No. 1 at 1). The

complaint is on a Court-provided employment discrimination form, and names Ashley Stewart, Inc. as the defendant. (Docket No. 1 at 2).

In the section of the form complaint for describing the "Nature of the Case," plaintiff has checked the boxes for termination of employment, failure to promote, failure to accommodate her disability, different terms and conditions of employment, retaliation, and harassment. (Docket No. 1 at 4). She also asserts that a store manager brought a gun into the workplace and "flashed it at [her]," and that this individual has a "personal relationship with other managers in [the] store to [harass her]," leading her to get a restraining order.

With regard to the specific types of discrimination she faced, plaintiff has checked the boxes for religion, disability, and age. (Docket No. 1 at 5). As to her actual claim, plaintiff states that she was hired on February 19, 2020, and told her supervisor that she had a disability and needed an accommodation. In particular, she needed to be able to wear comfortable shoes, have small breaks, and avoid excessive lifting. Plaintiff alleges that she never received the accommodations she needed, and that she was "thrust into heavier lifting" and "[ladder] climbing," and that she received "no breaks."

Concerning the exhaustion of administrative remedies, plaintiff has checked the boxes indicating that she filed a charge of discrimination with the Missouri Commission on Human Rights, and the Equal Employment Opportunity Commission (EEOC). (Docket No. 1 at 3). She also asserts that she has received a right-to-sue letter.

Attached to the complaint are a number of exhibits, which the Court has reviewed and will treat as part of the pleadings.[1] The first exhibit is a doctor's note explaining that plaintiff has "multiple medical" issues, including knee arthritis, and that she should be allowed "to wear comfortable shoes" at work, and to have a less stressful "work environment, especially in regards to co-workers." (Docket No. 1-1 at 1).

The second exhibit consists of a number of state court filings involving plaintiff, including a protection order and judgment, a notice of hearing on a full order of protection, a petition for order of protection, and a judgment of the full order of protection. (Docket No. 1-1 at 3-16). In the petition seeking the protection order, plaintiff explains that a coworker took things out of her hands, shoved her, and tampered with her cash register causing her to be $15.00 short. (Docket No. 1-1 at 8-9). This coworker also allegedly brought a gun to plaintiff's work to intimidate her, and openly harasses her to make her work difficult. (Docket No. 1-1 at 9).

The third exhibit is a typewritten "outline of constant harassment" regarding plaintiff's employment at Ashley Stewart. (Docket No. 1-1 at 17). In this "outline," she states that she began working at Ashley Stewart as a salesperson, with no training in management. Nevertheless, due to her "numbers," she was given a position as manager. Following this promotion, plaintiff states that three of her coworkers "began conspiring together." According to plaintiff, they were rude to her and talked about her in front of customers; her "workload became extra and more strenuous;" an individual brought a gun to the workplace and threatened her "openly in front of customers;" an individual took items from her hands; and an individual took money from her register.

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). *See also Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (stating that "while ordinarily, only the facts alleged in the complaint are considered in determining whether it states a claim, materials attached to the complaint as exhibits may be considered in construing the sufficiency of the complaint"); and *Pratt v. Corrections Corp. of America*, 124 Fed. Appx. 465, 466 (8th Cir. 2005) (explaining that "the district court was required to consider the allegations not only in [plaintiff's] pro se complaint, but also in his motion to amend, his response to defendants' motion to dismiss, and the attachments to those pleadings").

The fourth exhibit is an Ashley Stewart document titled "Progressive Discipline Documentation," which indicates that plaintiff was being terminated for "failing to set up promotional campaign materials," and for failing "to complete the nightly closing and banking process." (Docket No. 1-1 at 19).

The fifth exhibit is a "Severance and Release of All Claims Agreement" between plaintiff and Ashley Stewart. (Docket No. 1-1 at 20).

Finally, the sixth exhibit is a notice of right to sue issued by the EEOC on plaintiff's request. (Docket No. 1-2). The notice is dated October 14, 2022, and gives plaintiff ninety days to file suit in state or federal court.

On December 12, 2022, plaintiff submitted a number of additional documents to the Court to supplement her complaint. (Docket No. 4). Most of these documents consist of email printouts between plaintiff, an EEOC investigator, a work incentives planning and assistance manager from Paraquad, and an attorney representing Ashley Stewart.

Also included in this supplement is plaintiff's EEOC charge of discrimination, in which she alleges discrimination based on disability only. (Docket No. 4 at 21). In the charge of discrimination, plaintiff states that she was hired by Ashley Stewart and promoted to assistant manager. She further states that she suffers "from disabilities and [has] requested reasonable accommodations which have been denied." Those accommodations included not exceeding a certain number of work hours, and being able to wear comfortable shoes. Plaintiff alleges that other employees were allowed to wear the comfortable shoes she required, and that when she made the request for set hours, she was demoted. Regardless, plaintiff kept working at Ashley Stewart, and was offered a store to manage. (Docket No. 4 at 22). In response, plaintiff's coworkers mocked her, instructed other managers to keep her away from the cash registers, instructed others to treat

5

her badly, subjected her to bullying and harassment, and would not let her wear the comfortable shoes others were allowed to wear. Based on these facts, plaintiff believes that she is "being discriminated against because of [her] disabilities and need for reasonable accommodations, in violation of [t]he Americans with Disabilities Act."

On December 20, 2022, plaintiff submitted to the Court a copy of her EEOC pre-charge inquiry. (Docket No. 5). In the inquiry, plaintiff has checked the boxes asserting that she was discriminated against on the basis of her age and disability. (Docket No. 5 at 2). She further alleges that she was employed with Ashley Stewart from February 19, 2020 to October 12, 2022 as a parttime assistant manager. (Docket No. 5 at 5). Plaintiff asserts that she is "an individual with a disability," and that her employer was aware of this disability. She also asserts that since filing her charge of discrimination with the EEOC, she believes that she has been retaliated against, and that she was terminated for the actions of another individual. Plaintiff concludes by stating her belief that she has been discriminated against on the basis of her disability and her age, in violation of the ADA and the ADEA. (Docket No. 5 at 6).

## Discussion

Plaintiff is a self-represented litigant who has sued her former employer for employment discrimination under Title VII, the ADEA, and the ADA. Because she is proceeding in forma pauperis, the Court has reviewed her complaint under 28 U.S.C. § 1915. Based on that review, the Court will dismiss plaintiff's claims under Title VII and the ADEA, as she has presented no factual allegations to support them. However, the Court will direct the Clerk of Court to issue process on defendant Ashley Stewart, Inc. on plaintiff's claim under the ADA.

### A. Claims Under Title VII and the ADEA

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). Meanwhile, "[t]he ADEA prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment." *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005). *See also Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 636 (8th Cir. 2011) (stating that the "ADEA prohibits discrimination against employees, age 40 and over, because of their age"); and *Kneibert v. Thomson Newspapers, Michigan Inc.*, 129 F.3d 444, 451 (8th Cir. 1997) ("The ADEA prohibits an employer from discharging any individual or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age").

In this case, plaintiff has indicated that she is suing Ashley Stewart, Inc. under Title VII and the ADEA by marking the appropriate boxes on the form complaint. She has also checked boxes corresponding to her belief that she has been discriminated against on the basis of her religion and age. In a pre-charge inquiry filed with the EEOC after submitting the instant complaint, plaintiff specifically states that her age is 61, and that she believes an ADEA violation has occurred. None of this is sufficient to state a plausible claim for relief.

Aside from the check-boxes, plaintiff presents no facts in her complaint implicating either Title VII or the ADEA. That is, her facts do not suggest that she was discriminated against due to either her religion or her age, or on the basis of race, color, sex, or national origin. Instead, plaintiff's only factual allegations state that she has a disability, that her employer knew about the

7

disability, and that the employer did not accommodate her disability. There is nothing in plaintiff's brief factual recitation implying that discrimination against her occurred on any other basis.

The Court has also reviewed all of plaintiff's exhibits, including her charge of discrimination. The Court notes that plaintiff's EEOC charge is based solely on the ADA, and makes no mention of Title VII, the ADEA, or discrimination based on race, color, religion, sex, national origin, or age. In the charge of discrimination, plaintiff presents a far more thorough and detailed account of her experiences than in the complaint. Despite the greater detail, there are no allegations whatsoever that plaintiff's discrimination was based on anything other than her disability.[2] Likewise, even though plaintiff mentions her age and the ADEA in a pre-charge inquiry form, plaintiff does not provide a single fact in support of the proposition that the workplace harassment and discrimination she purportedly suffered was based on her age.

The Court must accept the allegations contained in the complaint as true and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cty. Sheriff's Dep't*, 915 F.3d 498, 499 (8th Cir. 2019). On the other hand, the Court "is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). In other words, "[a] pleading that merely pleads labels and conclusions, or a formulaic recitation of the elements of a

---

[2] The Court notes that both Title VII and the ADEA require exhaustion of administrative remedies prior to filing suit. *See Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (stating that "Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court"); and *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005) ("Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court"). "The proper exhaustion of administrative remedies gives the plaintiff a green light to bring her employment-discrimination claim, along with allegations that are like or reasonably related to that claim, in federal court." *Shannon v Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996). In this case, plaintiff has alleged that she has exhausted her ADA claims by providing her charge of discrimination and a right-to-sue letter. There is no indication that she has exhausted or attempted to exhaust any allegations regarding Title VII or the ADEA, meaning that she has arguably failed to exhaust such claims before bringing them before the Court. In any event, the Court need not reach the issue of exhaustion, as plaintiff has simply failed to state a claim for relief under Title VII and the ADEA.

cause of action, or naked assertions devoid of factual enhancement will not suffice." *Hamilton v. Palm*, 621 F.3d 816, 817-18 (8th Cir. 2010).

Here, as discussed above, there are no factual allegations to support a claim under Title VII or the ADEA. Simply checking boxes in a form complaint, mentioning one's age, or naming a federal statute is not sufficient, without more, to state a plausible claim for relief. Therefore, plaintiff's claims under Title VII and the ADEA will be dismissed.

### B. ADA Claim

"The ADA bars private employers from discriminating against a qualified individual on the basis of disability." *Faidley v. United Parcel Serv. of America, Inc.*, 889 F.3d 933, 940 (8th Cir. 2018). Discrimination includes an employer not making a reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability. *Kallail v. Alliant Energy Corp. Servs., Inc.*, 691 F.3d 925, 930 (8th Cir. 2012). In order to establish a prima facie case of discrimination under the ADA, "an employee must show that she (1) is disabled within the meaning of the ADA, (2) is a qualified individual under the ADA, and (3) has suffered an adverse employment action because of her disability." *Hill v. Walker*, 737 F.3d 1209, 1216 (8th Cir. 2013). *See also Wood v. Crown Redi-Mix, Inc.*, 339 F.3d 682, 684 (8th Cir. 2003). To establish a disability, an ADA claimant must show a physical or mental impairment substantially limiting a major life activity, a record of such impairment, and that the claimant is regarded as having such impairment. *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490-91 (8th Cir. 2002).

In this case, plaintiff has alleged that she has a disability, and that she requires workplace accommodations. She has also attached a doctor's letter as an exhibit, to support that proposal. Further, plaintiff asserts that her employer has discriminated against her by not making reasonable accommodations, despite being made aware of her disability. As to exhaustion, plaintiff states that

9

she has submitted a charge of discrimination to the EEOC, and has received a right-to-sue letter, which has been attached to the complaint. The right-to-sue letter is dated October 14, 2022, and gives plaintiff ninety days to file suit in state or federal court. Plaintiff filed the instant action on November 17, 2022, within that ninety-day period.

For purposes of initial review, the Court must accept these allegations as true, and make all reasonable inferences in plaintiff's favor. *See Jones*, 915 F.3d at 499. The Court will therefore direct the Clerk of Court to issue process on defendant Ashley Stewart with regard to plaintiff's claim under the ADA. The Court cautions plaintiff that this is only a preliminary determination based solely on the allegations contained in the complaint. This is not a determination of the merits of her claim or potential defenses thereto.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion for the appointment of counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her

claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's claims under Title VII and the Age Discrimination in Employment Act are **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue on defendant Ashley Stewart, Inc. as to plaintiff's claim under the Americans with Disabilities Act, by serving its registered agent: CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

Dated this 3rd day of March, 2023.

                                                 AUDREY G. FLEISSIG
                                                 UNITED STATES DISTRICT JUDGE