UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LESLIE M. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-01228-AGF |
| | ) | |
| ASHLEY STEWART, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Pro Se Plaintiff Leslie Thomas' motions for leave to amend her complaint.[1] (Doc. Nos. 12, 17).  Plaintiff is seeking to amend her complaint in order to bring an age discrimination claim that was previously dismissed by this Court.  For the reasons set forth below, Plaintiff's motions for leave to amend her complaint will be denied.

## BACKGROUND

On November 17, 2022, Plaintiff filed this civil action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1990 (ADA).  Doc. No. 1.  Pursuant to 28 U.S.C. § 1915(e)(2), the Court conducted an initial review of the complaint.  The Court considered Plaintiff's complaint, the attachments to the complaint, and the numerous supplements Plaintiff submitted to the Court.  *See* Doc. No. 8 at 4-5.  On March 3, 2023, the Court dismissed Plaintiff's claims under Title VII and the ADEA as she has presented no

---

[1]     The Court will construe Plaintiff's "Memorandums for Clerk" (Doc. Nos. 12 and 17) as motions for leave to amend her complaint.

factual allegations to support her claims.  However, the Court did allow Plaintiff's ADA claim to proceed and directed the Clerk of Court to issue process on Defendant.  Doc. No. 8.

On March 13, 2023, before Defendant entered its appearance in the case, Plaintiff filed a motion for leave to amend her case in order to re-add her age discriminations claim. Doc. No. 12.  Plaintiff did not allege any additional facts related to her age discrimination nor did she include a proposed amended complaint as required by Local Rule 4.07.  On March 29, 2023, Defendant filed a motion to dismiss, or in the alternative a motion for more definite statement and motion to strike related to Plaintiff's ADA claim.  Doc. No. 16. On April 11, 2023, Plaintiff filed another motion to amend her complaint, without a proposed amended complaint, seeking an amendment for her age and disability discrimination claims.  Doc. No. 17.  Plaintiff did not address any of the arguments in Defendant's motion to dismiss, nor did Plaintiff allege any additional facts related to her disability claim.  In her motion, Plaintiff noted that Temicka Abraham is 35 years old and she is 61 years old, but did not allege any additional facts in support of an age discrimination claim.  Plaintiff then went on to state that she had to get a restraining order and "Paula brought [a] gun to work, showed it to me [and] threatened me [and] I reported that." Doc. No. 17.  Plaintiff then alleges that after she reported the incident, she was subject to constant harassing.  Plaintiff does not explain how this incident relates to her claims of age or disability discrimination.

Defendant opposed Plaintiff's motions for leave to file an amended complaint, noting that there are no new disability allegations nor are there any facts supporting a claim

for age discrimination other than the alleged age difference between Plaintiff and another

employee.  Doc. No. 18.

On April 24, 2023, Plaintiff filed two additional memoranda again seeking leave to

amend her complaint.[2]  Doc. Nos. 19-20.  In the first memorandum, Plaintiff states she

wants to "carry on and amend these charges."  Doc. No. 19.  Plaintiff then states that she

made a complaint with the corporate office and the corporate office gave Plaintiff a week

off with pay due to the harassing threats and retaliation.  Plaintiff then states that she

suffered retaliation "by the 35 year old, who they retained…and dismissed me."  *Id.*

## DISCUSSION

The Court will deny Plaintiff's motions for leave to amend the complaint for failure

to comply with the rules of civil procedure and for futility.  First, Plaintiff has not submitted

a proposed amended complaint as required.  Local Rule 4.07 ("A proposed amendment to a

pleading or amended pleading itself must be submitted at the time any motion for leave to

amend any pleading is filed.  All new material in the amended pleading must be underlined

and all material being removed must be struck through."); *see Clayton v. White Hall School

Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) (explaining "that in order to preserve the right to

amend the complaint, a party must submit the proposed amendment along with its

motion."); *Tracy v. SSM Cardinal Glennon Children's Hosp.*, No. 4:15-CV-1513 CAS,

2016 WL 3683000, at *16 (E.D. Mo. July 12, 2016) ("The Eighth Circuit has repeatedly

held that district courts do not abuse their discretion in denying leave to amend where the

---

[2]     Doc. No. 20 appears to be discussing an interaction Plaintiff had with Defendant's
counsel, perhaps related to settlement discussions.  In any event, it does not appear to have
any bearing on Plaintiff's ADA or ADEA claims.

plaintiff did not file a motion for leave to amend and submit a proposed amended complaint, and merely asked for leave to amend in its response to a motion to dismiss.")

Second, as noted above, none of Plaintiff's numerous filings allege facts to support an age discrimination claim under the ADEA.  "The ADEA prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment."  *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 653 (8th Cir. 2005); *see also Rahlf v. Mo-Tech Corp., Inc.,* 642 F.3d 633, 636 (8th Cir. 2011) (stating that the "ADEA prohibits discrimination against employees, age 40 and over, because of their age.").  Plaintiff does not allege any facts to suggest that she was discharged or otherwise discriminated against because of her age.  Merely noting the age difference between Plaintiff and the employee that allegedly retaliated against her is insufficient.  As such, Plaintiff's motions to amend her complaint are also denied as futile.  *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) ("[T]here is no absolute right to amend and a court may deny the motion based upon a finding of…futility."); *Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) ("[T]here is no absolute right to amend and a finding of…futility of the amendment may be grounds to deny a motion to amend.") (internal citations and quotations omitted); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (stating that district court was justified in denying plaintiff's leave to amend because the "complaint, as amended, could not withstand a motion to dismiss.").

The Court cautions Plaintiff that any future filings must comply with the Federal and Local Rules.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a

court's orders and with the Federal Rules of Civil Procedure."); and *Brown v. Frey*, 806

F.2d 801, 804 (8th Cir. 1986) ("Pro se litigants are not excused from compliance with

substantive and procedural law.").

The only remaining claim in this matter is Plaintiff's claim under the Americans with

Disability Act (ADA).  Defendant has filed a motion to dismiss Plaintiff's ADA claim.

Doc. No. 16.  The Court will allow Plaintiff 14 days to respond to Defendant's motion to

dismiss.  Plaintiff shall focus her response on the arguments raised in Defendant's motion

regarding her ADA claim.  Her response must comply with the Federal and Local Rules for

Civil Procedure.

<u>**CONCLUSION**</u>

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motions for Leave to File an Amended

Complaint are **DENIED**.  (Doc. Nos. 12, 17).  The Clerk of Court shall amend the docket

filings labeled "Amendment/Supplemental re Complaint" to "Proposed

Amendment/Supplemental re Complaint."  (Doc. Nos. 19, 20).

**IT IS FURTHER ORDERED** that Plaintiff's shall show cause in writing by **May

10, 2023**, as to why her case should not be dismissed for failure to state a claim under the

Americans with Disability Act (ADA).

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of April, 2023.